69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert George WHITE, Defendant-Appellant.
 No. 94-10499.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Decided Oct. 27, 1995.
 
 Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert George White appeals, for the second time, the district court's sentence following his guilty plea to eleven counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). We affirm.
 
 
 3
 White first contends in this appeal that the district court erred in failing to credit his federal sentence for the period of his state sentence served after his initial date in federal custody. White sought a similar result in his first appeal, and this court approved the consecutive sentence. See United States v. White, No. 91-10394 (9th Cir. Mar. 31, 1993).
 
 
 4
 In this appeal, White seeks to take advantage of an intervening sentencing guideline provision, U.S.S.G. Sec. 5G1.3(b) (Nov. 1993), which provides:
 
 
 5
 [i]f ... the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
 
 
 6
 The provision did not come into effect until after this court affirmed the imposition of the consecutive sentence; our decision is the law of the case. Even assuming, arguendo, that the appellant could challenge the consecutive sentence anew in this appeal from resentencing, the provision would not assist him. The provision refers only to an "undischarged term of imprisonment," and as of the time of resentencing, appellant's state term had been completed. Moreover, the provision applies only to offenses that have been taken into account in determining the "offense level" for the offense of conviction. Appellant's state convictions were not fully taken into account in determining his offense level. They were considered only as part of his criminal history and as the impetus for an upward departure from the applicable offense level.
 
 
 7
 Appellant also challenges the district court's departure based on its finding that White had violated his parole prior to committing the bank robberies. He contends that he should not have received an upward departure on this ground because the Hawaii Paroling Authority had not found him in violation of his parole conditions at the time he committed the eleven robberies. He raised a similar argument in the first appeal, and we remanded for resentencing and a determination of whether the Paroling Authority had issued the notice of parole violation before defendant committed the robberies. The district court found that it had, and that in any event, because a condition of defendant's parole was that he not violate any criminal laws, he was in violation of his parole when he committed all but the first of the eleven robberies for which he was being sentenced. The upward departure was fully justified on that basis.
 
 
 8
 White finally contends that we should remand for a psychological evaluation. Although White had ample opportunity to do so, he never requested such an evaluation from the district court. The district court therefore committed no error.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3